UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


BRYAN BOSSERT,                                              Civ. No. 3:11-CV-3044-AC

                              Plaintiff,                    FINDINGS AND
                                                            RECOMMENDATION

              v.

MAX WILLIAMS, MICHAEL F.
GOWER, JANA RUSSELL & RICHARD
HARRIS.

                     Defendants.


_____


ACOSTA, Magistrate Judge:

*Findings and Recommendation*

      The Plaintiff, Bryan Bossert ("Bossert"), an inmate at the Oregon State Correctional

Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. In his Amended Complaint,

filed April 25, 2011, Bossert alleges that Max Williams, Michael F. Gower, Jana Russell and

Richard Harris ("Individual Defendants") have violated his Eight Amendment right to be free from cruel and unusual punishment by failing to provide mental health treatment for the condition of pedophilia.[1]

Currently before the court are Bossert's motion for summary judgment and the Individual Defendants' cross-motion for summary judgment. The first issue before the court is whether Bossert has provided sufficient evidence to establish that he suffers from the condition of pedophilia and that the condition is a serious medical need. The second issue for the court to consider is whether Bossert suffered injury as a result of the Individual Defendants' failure to provide mental health treatment for pedophilia.

The court finds that Bossert has not provided sufficient evidence to establish that he suffers from the condition of pedophilia, that to the extent that Bossert does suffer from the condition it is not a serious medical need, and that Bossert has failed to show any cognizable injury sustained due to the denial of mental health treatment for the condition of pedophilia. Accordingly, the court recommends that the Individual Defendants' motion for summary judgment be granted, that Bossert's motion for summary judgment be denied, and that the Amended Complaint be dismissed with prejudice.

*Background*

Bossert alleges that prior to his current incarceration he voluntarily attended a treatment program for pedophilia. (Am. Compl. at 3). Bossert made numerous requests to the Behavioral Health Services ("BHS") unit at the Oregon Department of Corrections ("ODOC") for mental

---

[1] Bossert named the Oregon Department of Corrections as a defendant, however, it is clear from reading the Amended Complaint that the allegations are in fact directed at the Individual Defendants.

health treatment for pedophilia. (Am. Compl. Ex. D. at 6-7).[2] BHS staff denied the requests and explained to Bossert that BHS does not provide mental health treatment for pedophilia. (Am. Compl. Ex. D at 6-7; Ruthven Decl. Attach. 1 at 26, 30, 32, 38).

On May 5, 2010, Bossert filed a grievance form to ODOC complaining about the failure of the BHS staff to provide treatment for Bossert's "mental disease/defect", which, Bossert claimed, violated "various forms of Federal and State [law]". (Am. Compl. Ex. D. at 8).[3] On May 25, 2010, Walker, the BHS manager, denied Bossert's grievance explaining that after BHS staff met with and evaluated Bossert, they concluded that Bossert did not meet the criteria for mental health services. (Am. Compl. Ex. D. at 10).[4] On June 22, 2010, Bossert wrote a letter to Williams outlining the situation. Bossert informed Williams that he had requested and been denied mental health treatment. Bossert renewed his request for such treatment. Russell and Harris were sent carbon copies of the letter. (Am. Comp. Ex. D at 11-12). On June 23, 2010, Gower wrote to Bossert acknowledging receipt of Bossert's letter dated June 22, 2010. (Am. Comp. Ex. D. At 13)

On July 7, 2010, Bossert appealed Walker's denial dated May 25, 2010, citing various statutes which he claimed require the BHS to provide mental health treatment for pedophilia. (Am. Compl. Ex. D. at 14).[5] On July 8, 2010, defendant Jana Russell ("Russell"), responded to Bossert's grievance appeal. (Am. Compl. Ex. D. at 15). Russell advised Bossert that "mental health treatment at DOC is geared towards those with severe and persistent mental illness. . . [including] severe

---

[2] Documents Am. Comp. Ex. D at 6-7 and Ruthven Decl. Attach. 1 at 26 and 32 are identical.

[3] An identical copy of the grievance form is in the Ruthven Decl., Attach. 2 at 1.

[4] An identical copy of the grievance response form is in the Ruthven Decl., Attach. 2 at 2.

[5] An identical copy of the grievance appeal form is in the Ruthven Decl., Attach. 2 at 3.

affective or anxiety disorders, psychotic disorders, and mental defects such as brain injury. Sexual

disorders such as pedophilia are not included in this list." (Am. Compl. Ex. D. at 15).[6] On July 26,

2010, Bossert wrote to Russell claiming that Russell had misinterpreted the law which Bossert

originally cited. (Am. Compl. Ex. D. at 16).[7] On August 4 2010 Michael F. Gower ("Gower")

replied to Bossert informing him that:

> "medical and mental health treatment in the DOC is constrained by the real and
> practical limitations of availability of resources. Treatment of mental illness. . . is
> limited to those having severe and persistent mental illness. . . or who are at risk
> for harming themselves or others who cannot take care of themselves on a daily
> basis. It does not include specified treatment for things like paraphilias (such as
> pedophilia). . . or other illnesses which do not meet the above criteria."

(Am. Compl. Ex. D. at 17).[8]

Bossert claims his condition as a pedophile impacts his ability to process "thought patterns,

ideas, recognition, and other functions or brain orientated thoughts" and that the denial of mental

health treatment for pedophilia has caused him emotional distress. (Am. Compl. at 5). Bossert is

able to obtain mental health therapy for pedophilia at his own expense while incarcerated. (Ruthven

Decl. at ¶14).

*Dismissal of Max Williams*

Bossert names Max Williams as one of the Individual Defendants. (Am. Compl. at 3). The

Individual Defendants claim Bossert has named Williams in his capacity as a supervisor at ODOC.

(Memo. in Supp. of Indiv. Defs.' Mot. Summ. J.). The Individual Defendants assert that to establish

---

[6]An identical copy of Russell's letter to Bossert is in the Ruthven Decl., Attach. 2 at 4.

[7] An identical copy of Bossert's response to Russell is in the Ruthven Decl., Attach. 2 at 5.

[8]An identical copy of Gowers's response to Bossert is in the Ruthven Decl., Attach. 2 at 6.

a § 1983 claim, Bossert must plead personal participation by each defendant. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1975 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") The Individual Defendants claim that Bossert has not alleged personal participation by Williams, and therefore that Williams should be dismissed as an Individual Defendant. In response, Bossert apparently claims that Williams is liable for two reasons. First, Williams is liable as Director of ODOC. (Decl. in Resp. to Indiv. Defs.' Mot. Summ. J. gernerally at 11-15). Second, Williams is liable in a personal capacity. Bossert wrote a letter to Williams outlining that he had been denied mental health treatment and he requested that Williams act to provide him with such treatment. (Decl. in Resp. to Indiv. Defs.' Mot. Summ. J.)(the letter was introduced to the record at Am. Compl. Ex. D. at 11). Bossert apparently claims that supervisory liability can be imposed on Williams. (Decl. in Resp. to Indiv. Defs.' Mot. Summ. J. at 12).

The Individual Defendants are correct that vicarious liability is inapplicable to § 1983 suits. However, supervisors can be individually liable in § 1983 suits when culpable action, or inaction, is directly attributed to them.  To be liable

> the supervisor's participation could include his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." (internal citations and quotation marks omitted).

*Starr v. Baca,* 652 F.3d 1202 1205-06 (9th. Cir 2011).

The Ninth Circuit in considering the effects of *Iqbal* stated:

A claim of unconstitutional conditions of confinement, unlike a claim of

unconstitutional discrimination, may be based on a theory of deliberate indifference. A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor. Thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates. We see nothing in *Iqbal* indicating that the Supreme Court intended to overturn longstanding case law on deliberate indifference claims against supervisors in conditions of confinement cases.

*Starr v. Baca,* 652 F.3d at 1206-07 (internal citations, quotation marks, and alterations omitted).

The Ninth Circuit recently held that:

Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir.1989). A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Id. at 646. A supervisor may be liable if the supervisor knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).

*Snow v. McDaniel,* 681 F.3d 978, at 989 (9th Cir. 2012).

In this case, if Bossert were to succeed in proving reckless indifference of the Individual Defendants there would be no reason to distinguish Williams from his fellow Defendants. He too, would have been recklessly indifferent to Bossert's medical needs. Williams' liability is not based on the liability of his subordinates; the other Individual Defendants. Rather, Williams' liability would arise from his inaction in bringing about the requisite mental health treatment for Bossert after Bossert made a request for treatment in a letter sent directly to Williams.

Bossert's allegation that Williams' inaction in providing mental health treatment violated his Eighth Amendment right is therefore sufficient to state a claim of supervisory liability for deliberate indifference and Williams should not be dismissed as a Defendant.

PAGE 6 - FINDINGS AND RECOMMENDATION                                    {K.R.}

*Legal Standard*

I.  Summary Judgment

  Summary judgment should be rendered when the moving party shows that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56 (a). The initial burden is on the moving party to demonstrate an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 332 (1986); *Zoslaw v. MCA Distr. Corp.*, 693 F.2d 870, 883 (9th Cir.1982). The evidence offered by the moving party must be viewed in the light most favorable to the nonmoving party. *Adickes v S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Baker v Centennial Ins. Co.*, 970 F.2d 660, 662 (9th Cir. 1992). *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982).

  Where the moving party meets that burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *Re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 324, (1986)). The Ninth Circuit Court of Appeals has described "the shifting burden of proof governing motions for summary judgment" as follows:

> The burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor. *Id*. at 252.

*Re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387.

II.  Eighth Amendment Prohibition Against Cruel and Unusual Punishment

  The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."

*Estelle v. Gamble* 429 U.S. 97, 102 (1976) (internal citations and quotation marks omitted).[9] The government has an obligation to provide medical care for those whom it punishes by incarceration. *See Hutchinson v. United States,* 838 F.2d 390, 394 (9th Cir.1988) (citing *Estelle* 429 U.S. 97). The Ninth Circuit has held that the "[u]nnecessary and wanton infliction of pain" upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment and is actionable under 42 U.S.C. § 1983. *McGuckin v Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (internal citations and quotation marks omitted) (overruled on other grounds by *WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir. 1997)).

The two-prong *Estelle* standard requires that "in order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 106; *See also McGuckin*, 974 F.2d at 1059-60. In *Farmer v. Brennan,* 511 U.S. 825, 834 (1970), the Supreme Court reiterated the requirements for an Eighth Amendment violation: the plaintiff's case must satisfy an objective standard  that the deprivation was serious enough to amount to cruel and unusual punishment – and a subjective standard – deliberate indifference.

In addressing the serious medical need requirement, the Ninth Circuit indicated that injuries such as those "[which] a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain" would meet this requirement. *McGuckin*, 974 F.2d at 1059-60. A serious medical need exists if the failure to treat a prisoner's condition

---

[9] The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

could result in further significant injury or the "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104.

After the prisoner's medical needs and the nature of the defendant's response to those needs have been established, a determination of whether "deliberate indifference" occurred can be made. *McGuckin*, 974 F.2d at 1060. The Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104 (internal citations and quotation marks omitted). In the medical context, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend evolving standards of decency in violation of the Eighth Amendment." *Id.* at 106 (internal quotation marks omitted).

To prove deliberate indifference a plaintiff must show that prison officials denied, delayed, or intentionally interfered with medical treatment, or that the way in which prison staff provided medical care indicates deliberate indifference, and that plaintiff sustained damages as a result of such conduct. *Hutchinson,* 838 F.2d at 394. In this vein, the defendant's conduct is evaluated under a subjective standard that "focuses only on what a defendant's mental attitude actually was." *Toguchi v Chung* 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citations and quotation marks omitted).

### Discussion

The court agrees with the Individual Defendants' position that the sole issue currently before the court is a legal one: whether the denial of mental health treatment for Bossert's alleged pedophilia condition violates the Eighth Amendment prohibition against cruel and unusual

punishment. The court will address this question in three parts: first, whether Bossert has provided sufficient evidence to establish that he has a serious illness or injury; second, whether the Individual Defendants were deliberately indifferent to this illness or injury by failing to provide treatment, and third, whether Bossert has produced evidence of injury as a result of the Individual Defendants' deliberate indifference.

I.  Serious Illness or Injury

In the Amended Complaint, Bossert alleges that he suffers from a condition known as pedophilia. Bossert alleges that he has repeatedly requested and been denied treatment for this condition and that the failure to provide such treatment is a violation of the Individual Defendants' obligation to prisoners. Bossert further alleges that the failure to provide mental health treatment "constitutes an excessive risk" because it could result in a greater risk of recidivism and, as such, pose a greater danger to society upon his release. Bossert further alleges that the failure to provide mental health treatment for pedophilia has caused him "emotional distress". (Am. Comp. at 8).

Bossert claims to have been previously diagnosed with pedophilia. (Pl's Mot. In Supp. of Mot. to Appoint an Expert Witness at 1). On May 20, 2010, while incarcerated, Bossert wrote to his former psychologist requesting proof of his diagnosis of pedophilia. (Ruthven Decl., Attach. 1, at 11). In that correspondence Bossert states "I am working on establishing a case body for the courts and find myself in need of evidence that a licensed professional has determined my condition." (Ruthven Decl., Attach. 1, at 11). However, Bossert does not offer a response to his letter and provides no evidence of that diagnosis.

Bossert also claims that his conviction for crimes of a sexual nature is evidence of his pedophilia condition. (Am. Compl. at 5). However, conviction is not sufficient proof of an illness.

"(T)he mere fact that the plaintiffs are convicted sexual offenders does not mean that they have psychological disorders or that they are in need of psychiatric treatment." *Patterson v. Webster*, 760 F. Supp. 150, 154 (E. D.  Mo. 1991). Further, Bossert acknowledges in the course of correspondence with his former psychologist that convictions of a sexual nature are insufficient to evidence diagnosis as a pedophile. Bossert states: "[t]he mere fact that I have more than one condition relating to a sexual nature is in itself insufficient to fulfil the needs of the courts." (Ruthven Decl., Attach. 1, at 11).

Moreover, to the extent that Bossert does suffer from the condition of pedophilia, he has failed to establish that it qualifies as a serious medical need under *Estelle*. As society does not expect that prisoners will have unqualified access to healthcare, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Riddle v Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (inmates who had been convicted of sex offenses brought civil rights claims against state prison officials and others alleging that they were denied adequate treatment for their mental disorders related to their addictive sexuality). In that case, the Tenth Circuit found:

> "Applying [*Estelle*] to the mental illness claims made here under the Eighth Amendment, we hold that the plaintiffs' allegations are insufficient. While they have alleged that each has a mental disorder—sex addiction—the critical issue is whether they have adequately alleged that they suffer from a serious mental disorder. Each has alleged that he is driven by sexually compulsive drives that are deviant; and that his condition erodes his self-esteem to the point of apathy, reinforcing fear and feelings of differentness, inter alia. We feel that these averments do not meet the test of *Estelle* so as to demonstrate an Eighth Amendment violation. The mere fact that the plaintiffs are convicted sexual offenders does not mean that they have psychological disorders or that they are in need of psychiatric treatment. There are no averments of diagnosis by a physician of a medical need mandating treatment, nor of a condition which a lay person would easily recognize as necessitating a doctor's attention.

*Id.* at 1204 (internal citations and quotation marks omitted).

Bossert claims that his condition of pedophilia impacts his ability to process "thought patterns, ideas, recognition, and other functions or brain orientated thoughts." (Am. Compl. at 5). Bossert also refers to publications which define the condition of pedophilia. (Am. Compl. Ex. G). However, there is no evidence that the disorder causes an individual a substantial amount of pain or might result in further significant injury. This court finds that Bossert's vague allegations of how his condition impacts on his daily activities are not sufficient to amount to a serious medical need. *See Ramos v. Vaughn*, 1995 WL 386573 (E.D. Pa. June 27, 2005)(the court stated that it "is not aware of any legal authority for the proposition that the need for sex offender treatment is a serious medical need for Eighth Amendment purposes").

Bossert has failed to present sufficient evidence to establish that he suffers from pedophilia or that pedophilia is a serious medical need entitled to protection under the Eighth Amendment. Therefore, the Individual Defendants' motion for summary judgment should be granted because even viewing the evidence in the light most favorable to Bossert, Bossert has failed to establish a serious medical need, his Eighth Amendment claim in connection with sex offender treatment fails as a matter of law.

II.  Deliberate Indifference

Assuming that Bossert provided evidence that he suffers from a serious medical condition, he fails to produce evidence of deliberate indifference by the Individual Defendants as required by the second prong of Estelle. *Estelle,* 429 U.S. at 106. Deliberate indifference requires an examination of the response to the medical need and whether that deliberate indifference caused a cognizable injury. *Hutchinson,* 838 F.2d at 394.

PAGE 12 - FINDINGS AND RECOMMENDATION                              {K.R.}

### A. Deliberate Indifference of BHS Staff

The complete denial of medical attention may constitute deliberate indifference. *See Toussaint v. McCarthy,* 801 F.2d 1080, 1111 (9th Cir. 1986). Here, Bossert does not allege that he had was totally deprived of mental health treatment. Rather, he alleges that the available mental health treatment was inadequate for his condition.

A difference of opinion over the adequacy of treatment will not give rise to a violation of the Eighth Amendment. *See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (prison medical staff do not violate the Eighth Amendment simply because the opinion of the inmate conflicts with that of the prison medical staff). Similarly, the provision of general therapy, but not the specific type of therapy sought by the prisoner, does not amount to a violation of the Eighth Amendment. *Shultz v. Seals*, 200 Fed. Appx. 654, 655 (9th Cir. 2006). The states have a constitutional obligation to provide medical care for those whom they incarcerate. *Hutchinson,* 838 F.2d 390. The Tenth Circuit has interpreted this obligation as "[requiring] the state to make available to inmates a level of medical care which is reasonably designed to meet the routine and emergency health care of inmates, including medical treatment for psychological or psychiatric care." *See also United States v. Kidder*, 869 F.2d 1328, 1330 (9th Cir. 1981) (the response to a prisoner's medical needs includes treatment for serious mental disorders). Bossert had access to BHS and met with BHS staff on numerous occasions. The general mental health treatment provided by BHS is sufficient to satisfy the requirements of the Eighth Amendment.

Additionally, as already noted above, Bossert alleges that the lack of treatment has caused him emotional distress and that the condition impacts on his daily activities. However, the court is not satisfied that the failure to provide mental health treatment for pedophilia to treat these

symptoms amounts to the "unnecessary and wanton infliction" which the Eighth Amendment protects against. *Estelle*, 429 U.S. at 104.

The requisite state of mind for the subjective standard of deliberate indifference lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Farmer* 511 U.S. at 836. It is the equivalent of recklessly disregarding a substantial risk of serious harm to the inmate. *Id*. Bossert has failed to introduce evidence that the Individual Defendants' refusal to offer individualized mental health treatment amounts to a reckless disregard of a serious risk of harm to Bossert. Accordingly, Bossert has failed to satisfy the evidential requirements of the second prong for deliberate indifference of the Individual Defendants.

### B. Cognizable Injury

Assuming, *arguendo* that Bossert's condition as a pedophile is a serious illness and that the Individual Defendants acted with deliberate indifference, Bossert still does not show that he has suffered a cognizable injury because of the Individual Defendants' denial of mental health services for pedophilia. The Supreme Court has found that anguish alone does not violate the Eighth Amendment. *Estelle,* 429 U.S. at 105. Similarly, this court finds that Bossert's allegation that the lack of mental health treatment caused him "emotional distress" does not amount to an Eighth Amendment violation.

Bossert does not provide evidence that he suffered a cognizable injury as a result of the refusal by the Individual Defendants to provide mental health treatment for pedophilia. Therefore, the court finds that the Individual Defendants were not deliberately indifferent. *See Shultz,* 200 Fed. Appx. at 655 (summary judgment granted, in part, because prisoner did not establish that he suffered injury as a result of the denial of individualized treatment requested by prisoner.)

PAGE 14 - FINDINGS AND RECOMMENDATION                    {K.R.}

Accordingly, the Individual Defendants are entitled to summary judgment.

A finding of deliberate indifference can be made once the prisoner's medical needs and the nature of the defendant's response to those needs have been established. *McGuckin*, 974 F.2d at 1060. The court finds that Bossert has failed to establish that he has a serious medical need. Further, the Individual Defendants were not deliberately indifferent in denying Bossert's requests for mental health treatment for pedophilia because BHS staff met with and evaluated Bossert, and determined that he did not meet the BHS criteria for treatment.

### Conclusion

For the reasons stated above, Defendants' motion for summary judgment (#77) should be GRANTED, Bossert's motion for summary judgment (#46) should be DENIED, and a judgment should be ordered dismissing the Amended Complaint with prejudice.

### Scheduling Order

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **August 23, 2012**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 8th day of August, 2012.


    /s/ John V. Acosta
        JOHN V. ACOSTA
    United States Magistrate Judge


PAGE 15 - FINDINGS AND RECOMMENDATION                            {K.R.}