IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRYAN BOSSERT,** | 3:11-CV-03044-AC |
|         Plaintiff, | ORDER |
| v. | |
| **OREGON DEPARTMENT OF CORRECTIONS, MAX WILLIAMS, MICHAEL F. GOWER, JANA RUSSELL, and RICHARD HARRIS,** | |
|         Defendants. | |

**BROWN, Judge.**

Magistrate Judge John V. Acosta issued Findings and Recommendation (#110) on August 8, 2012, in which he recommends the Court deny Plaintiff's Motion (#46) for Summary Judgment, grant Defendants' Motion (#77) for Summary Judgment, and enter a

1 - ORDER

judgment dismissing the Amended Complaint with prejudice. Plaintiff filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

## I. Background

On April 25, 2011, Plaintiff, *pro se*, filed an Amended Complaint pursuant to 42 U.S.C. § 1983 alleging Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to provide mental-health treatment for his condition of pedophilia.

On June 29, 2011, the Magistrate Judge issued a standard Scheduling Order and Summary Judgment Advice Notice.

On October 27, 2011, Plaintiff filed a Motion for Summary Judgment.

On March 6, 2012, the Magistrate Judge entered an Order setting the close of discovery and the dispositive-motion deadline on March 19, 2012.

On March 19, 2012, Defendants filed a Motion for Summary Judgment. Also on March 19, 2012, Defendants filed a Motion to Stay Discovery in which they noted they did not dispute Plaintiff's assertion that Defendants failed to provide him with mental-health treatment for pedophilia. According to Defendants,

> Plaintiff does not need discovery in order to prove the allegations in his complaint because defendants do not dispute them. Indeed, plaintiff has moved for summary judgment without the benefit of any additional

2 - ORDER

> discovery. In the interests of judicial economy and preservation of resources, defendants seek a ruling on the cross-motions for summary judgment prior to responding to plaintiff's voluminous discovery requests.

In addition, Defendants asserted the failure to provide Plaintiff with mental-health treatment for pedophilia did not rise to the level of an Eighth Amendment violation.

At the time Defendants filed their Motion to Stay, Plaintiff had two outstanding Motions to Compel in which he sought (1) an order requiring Defendants to disclose a list of the SID numbers of all inmates currently incarcerated on charges involving sexual offenses against children and (2) an order compelling Defendants to submit to deposition by written question.

On May 23, 2012, the Magistrate Judge granted Defendants' Motion to Stay Discovery and denied Plaintiff's Motions to Compel "without prejudice to Plaintiff's right to renew the motions should the pending cross-motions for summary judgment not prove dispositive." The Magistrate Judge noted "the Court agrees with Defendants in that the sole issue currently before the Court is legal; *i.e.*, whether the denial of mental health treatment for Plaintiff's pedophilia condition violates the Eighth Amendment prohibition of cruel and unusual punishment."

On August 8, 2012, the Magistrate Judge issued Findings and Recommendation in which he recommended the Court deny Plaintiff's Motion for Summary Judgment and grant Defendants' Motion for

3 - ORDER

Summary Judgment.

On August 23, 2012, Plaintiff filed timely Objections (#113, #114) to the Findings and Recommendation. On August 27, 2012, the Magistrate referred the Findings and Recommendation to the Court. On August 30, 2012, Defendants filed Responses to the Objections.

In *Woods v. Carey*, the Ninth Circuit held the district court must provide a summary-judgment advice notice to a *pro se* plaintiff at the time a defendant files a motion for summary judgment rather than a generic notice at the outset of the litigation. 684 F.3d 934, 940-41 (9th Cir. 2012). After referral this case was reviewed in light of *Woods,* and the record reflected Plaintiff had not been issued a summary-judgment advice notice at the time Defendants filed their Motion for Summary Judgment as required. Accordingly, on September 11, 2012, the Court issued to Plaintiff a Summary Judgment Advice Notice and Scheduling Order as follows:

> Plaintiff shall have until September 20, 2012, to file any additional evidence in objection to Magistrate Judge Acosta's August 8, 2012, Findings and Recommendation (#110) on Defendants' Motion for Summary Judgment. Defendants shall have until September 27, 2012, to file a response to any additional evidence submitted by Plaintiff. The Findings and Recommendation shall be taken under advisement by the Court on September 27, 2012.

On September 20, 2012, Plaintiff filed a Motion (#120) for Stay in which he seeks a stay of the Court's decision on the

4 - ORDER

Findings and Recommendation to allow him to conduct discovery. Specifically, Plaintiff seeks to depose or to obtain a statement from his "original treatment provider" to show he suffers from pedophilia.

## II. Standards

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

## III. Findings and Recommendation

The Magistrate Judge recommended the Court deny Plaintiff's Motion for Summary Judgment and grant Defendants' Motion for Summary Judgment on the grounds that (1) Plaintiff failed to establish he suffers from pedophilia; (2) even if Plaintiff suffers from pedophilia, Plaintiff fails to establish that pedophilia qualifies as a serious medical need under *Estelle v. Gamble,* 429 U.S. 97, 102 (1976); (3) even if pedophilia qualifies as a serious medical need, Plaintiff has failed to establish deliberate indifference by Defendants as required under *Estelle*; and (4) even if Plaintiff suffers from pedophilia and it is considered a serious medical need and Defendants were deliberately indifferent, Plaintiff fails to establish that he

5 - ORDER

has suffered any cognizable injury due to the denial of mental-health treatment for pedophilia.

As noted, the Magistrate Judge specifically concluded in the Findings and Recommendation that the issue before the court was purely legal; *i.e.*, that the issue was whether the denial of mental-health treatment of Plaintiff's alleged pedophilia violated his rights under the Eighth Amendment.  The Magistrate Judge, nevertheless, found Plaintiff had not produced any evidence of a diagnosis of pedophilia and, therefore, failed to establish that he suffers from pedophilia.  The Magistrate Judge also found there was not any evidence on the record "that [pedophilia] causes an individual a substantial amount of pain or might result in further significant injury," and, therefore, Plaintiff "failed to present sufficient evidence . . . that pedophilia is a serious medical need entitled to protection under the Eighth Amendment."  The Magistrate Judge also found Plaintiff

> failed to introduce evidence that [Defendants'] refusal to offer individualized mental health treatment amounts to a reckless disregard of a serious risk of harm to [Plaintiff].  Accordingly, [Plaintiff] has failed to satisfy the evidential requirements of the second prong of deliberate indifference of the [Defendants].

Findings and Recommendation at 14.  Finally, although Plaintiff alleged he suffered emotional distress due to the lack of mental-health treatment, the Magistrate Judge found Plaintiff failed to "provide evidence that he suffered a cognizable injury as a

6 - ORDER

result of the refusal by [Defendants] to provide mental health treatment for pedophilia."

### IV. Analysis

As noted, the Magistrate Judge found Plaintiff did not establish that Defendants' failure to provide him with mental-health treatment for his pedophilia violated his rights under the Eighth Amendment was in large because Plaintiff failed to point to or to produce evidence in the record to support his claims.  As a result, the Court finds the Magistrate Judge's recommendations regarding Defendants' Motion were based on mixed issues of fact and law.  As noted, however, Plaintiff was not provided with a Summary Judgment Advice Notice until after issuance of the Findings and Recommendation.  It is, therefore, questionable whether Plaintiff had a sufficient understanding of the evidence he must produce at the time he filed his Response in an effort to overcome Defendants' Motion for Summary Judgment.  In addition, because Plaintiff was denied the ability to pursue the discovery he sought in his Motions to Compel and was unable to depose or to obtain a declaration from his original treatment provider related to his alleged condition, the Court concludes Plaintiff has not had sufficient advice or opportunity to respond to Defendants' Motion for Summary Judgment in the manner required by Rule 56.

In any event, the only basis on which this record could

7 - ORDER

support a judgment against Plaintiff as a matter of law would be if this Court could conclude there is not any plausible basis on which Plaintiff's alleged Eighth Amendment violation could be established. That, however, the Court cannot do on this record. *See, e.g., Kosilek v. Spencer*, No. 00-12455-MLW, 2012 WL 3799660 (D. Mass. Sept. 4, 2012).

Accordingly, the Court declines to adopt the Findings and Recommendation to the extent that the Magistrate Judge recommends granting Defendants' Motion for Summary Judgment. As a result, the Court refers to the Magistrate Judge Plaintiff's pending Motion to Stay to conduct discovery and further proceedings as necessary.

## CONCLUSION

The Court **ADOPTS in part** and **DENIES in part** Magistrate Judge Acosta's Findings and Recommendation (#110) as follows:

1. The Court **REFERS** Plaintiff's Motion (#120) to Stay to the Magistrate Judge to determine whether discovery should be allowed in this matter,

2. The Court **DENIES** Plaintiff's Motion (#46) for Summary Judgment with leave to renew after the Magistrate Judge has evaluated Plaintiff's requests for discovery, and

3. The Court **DENIES** Defendants' Motion (#77) for Summary Judgment with leave to renew after the Magistrate Judge

has evaluated Plaintiff's requests for discovery.

IT IS SO ORDERED.

DATED this 28th day of September, 2012.


                                    /s/ Anna J. Brown
                                    _____
                                    ANNA J. BROWN
                                    United States District Judge

9 - ORDER