UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

BRYAN BOSSERT,

        Plaintiff,

    v.

MAX WILLIAMS, MICHAEL F.
GOWER, JANA RUSSELL & RICHARD
HARRIS.

        Defendants.

Civ. No. 3:11-CV-3044-AC

FINDINGS AND
RECOMMENDATION

_____

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff, Bryan Bossert ("Bossert"), an individual who was in the custody of the Oregon

PAGE 1 - FINDINGS AND RECOMMENDATION        *{SIB}*

Department of Corrections ("ODOC") at the time this action was filed, brings this civil rights action pursuant to 42 U.S.C. § 1983. In his amended complaint, filed April 25, 2011, ("Complaint"), Bossert alleges that Max Williams, Michael F. Gower, Jana Russell, and Richard Harris (collectively "Defendants"),[1] violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide mental health treatment for the condition of pedophilia during Bossert's incarceration. Defendants move for judgment on the pleadings arguing that Bossert's release from ODOC custody moots his claims for injunctive and, alternatively, for summary judgment on the merits.

The court finds that this action, which seeks solely injunctive relief, is mooted by Bossert's release from ODOC custody, and that the claims do not qualify for any exception to the mootness doctrine. Accordingly, this case should be dismissed with prejudice for lack of jurisdiction.

*Background*

Bossert alleges in the Complaint that prior to his most recent incarceration at ODOC, he voluntarily attended a treatment program for pedophilia. (Am. Compl. at 3.) While in the custody of ODOC, he requested, and was denied, mental health treatment for pedophilia. (Am. Compl. at 3.) After exhausting his administrative remedies, Bossert filed this action alleging "an eighth amendment claim for deliberate indifferent to provide plaintiff with adequate medical mental health care." (Am. Compl. at 4.) Bossert seeks an order requiring Defendants to "revise the standards of intake processing", "establish an adequate treatment program", and allow inmates who are diagnosed with a mental illness to "formally sign a waiver . . . allowing an inmate the option of

---

[1] Bossert named the Oregon Department of Corrections as a defendant, however, it is clear from reading the Complaint that the allegations are in fact directed at the Defendants.

denying treatment." (Am. Compl. at 13-14.)

Bossert filed a motion for summary judgment on October 27, 2011, and Defendants filed their own motion for summary judgment on March 19, 2012. On August 8, 2012, this court issued a Findings and Recommendation in which it recommended granting Defendants' motion for summary judgment, denying Bossert's motion for summary judgment, and dismissing the Complaint with prejudice. This court found that Bossert failed to establish that: (1) he suffers from pedophilia; (2) pedophilia qualifies as a serious medical condition; (3) Defendants acted with deliberate indifference in denying Bossert requests for mental treatment for pedophilia; or (4) Bossert suffered any cognizable injury as a result of Defendants' actions.

While the court mailed Bossert the then required summary judgment advice notice ("Notice") for *pro se* plaintiffs on June 29, 2011, the Ninth Circuit subsequently held that courts must provide *pro se* plaintiffs with the Notice at the time a defendant files a motion for summary judgment, not at the time the action is filed. *Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012). In response to the *Woods* decision, Judge Brown mailed another Notice to Bossert on September 11, 2012, allowing him to file additional evidence and arguments as described in the Notice in support of his objections to the Findings and Recommendation. Bossert requested a stay of the court's decision on the Findings and Recommendation to allow additional discovery. On September 28, 2012, Judge Brown declined to adopt the Findings and Recommendation which addressed factual, not just legal, issues. She referred the motion to stay to this court, and denied the motions for summary judgment with leave to refile after this court addressed the motion to stay.

On December 19, 2012, this court granted Bossert's motion to stay and set a February 28, 2013, deadline for Bossert to obtain additional discovery only with regard to information from his

outside treatment advisor. A December 20, 2012, letter, addressed to the court and opposing counsel and signed by Bossert, advised "All Parties concerned" of a "Change of Address of Plaintiff" (the "Letter"). The Letter read:

> Please be advised that the plaintiff in the above named case will encounter a change of address that will occur on December 28, 2012.
>
> All future and further correspondence after this date should be directed to the following new address.
>
> Bryan Bossert
> 11448 SE Fuller Rd
> Milwaukie OR. 97222
>
> Sincerely,
>
> Bryan Bossert
>
> (Former Inmate)

The court filed the Letter in this action on December 26, 2012.

On March 15, 2012, Defendants filed motions for judgment on the pleadings and summary judgment. On March 18, 2013, the court mailed a third summary Notice to Bossert at his new address. Bossert filed a single response to both motions but did not provide any additional evidence in support of his opposition.[2] Defendants' motions for judgment on the pleadings and summary judgment are currently before the court.

*Legal Standard*

I.  Motion for Judgment on the Pleadings

A motion for judgment on the pleadings is governed by Rule 12(c), which states, "[a]fter

---

[2] Bossert did file his own declaration on October 29, 2012, in which he argued that the record before the court sufficiently established that he suffers from pedophilia but did not file any additional evidence at that time.

the pleadings are closed – but early enough not to delay the trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c) (2013). The purpose of a Rule 12(c) motion is to challenge the sufficiency of the opposing party's pleadings, and the court applies the same standard as a motion under Rule 12(b)(6). *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). Accordingly, judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). If matters outside the pleadings are considered, the motion shall be treated as one for summary judgment. FED. R. CIV. P. 12(d) (2013).

II.  Motion for Summary Judgment

Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2013). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id*. at 324. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Thus, summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co. of North America*, 638 F.2d 136, 140 (9th Cir. 1981).

However, deference to the nonmoving party has limits. A party asserting that a fact cannot be true or is genuinely disputed must support the assertion with admissible evidence. FED. R. CIV. P. 56(c) (2013). The "mere existence of a scintilla of evidence in support of the [party's] position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations marks omitted).

*Discussion*

I. Motion for Judgment on the Pleadings

Defendants move for judgment on the pleadings arguing that because Bossert has been released from ODOC custody, this action for injunctive relief is moot. Defendants rely on the Letter, which advised all interested parties that as of December 28, 2012, Bossert would experience a change of address and identified Bossert as a "Former Inmate". Defendants' reference to, and reliance on, matters outside of the pleadings requires the court to treat the motion as one for summary judgment and provide Bossert with a reasonable opportunity to present material pertinent

to the motion. FED. R. CIV. P. 12(d) (2013).

While the court has not previously advised Bossert that it intends to treat the motion for judgment on the pleadings as a motion for summary judgment, it did mail a third Notice to Bossert on March 18, 2013, three days after Defendants filed their motion for judgment on the pleadings and motion for summary judgment. On April 12, 2013, Bossert filed a "Response to: Defendants' 12(C) Motion for Judgment on the pleadings". Bossert offered factual statements which he asserts "show cause against the entitlement of a summary judgment for the defense" but did not file any declarations or evidence in support of his response. In that same document, Bossert also responded to the motion for judgment on the pleadings, complaining that Defendants did not engage in good faith efforts to confer under LR 7-1(a)(1)(A), and arguing that the action is not moot based on the possibility that Bossert may return to ODOC custody in the future.

In light of the Notice mailed to Bossert by the court and Bossert's response, which addresses the motion for judgment on the pleadings as well as the motion for summary judgment, the court finds that Bossert has been given reasonable opportunity to present material pertinent to the motion for judgment on the pleadings as required by Rule 12. Additionally, the only document the court will consider in addition to the pleadings is the Letter, filed by Bossert himself. It is extremely unlikely that Bossert would be able to present any material which would effectively refute the information contained in the Letter. Accordingly, the court will treat Defendants' motion for judgment on the pleadings as a motion for summary judgment.

II. Motion for Summary Judgment

    *A. Failure to Meaningfully Confer*

Bossert opposes the motion for judgment on the pleadings, now converted to a motion for

summary judgment, representing that he "has not received what [he] would consider 'good faith efforts' pursuant to L.R. 7-1(a)(1)(A)." (Resp. by Pl. at 4.) Bossert explains that while he received a phone call from Defendants, Defendants "merely stated which actions they intended to take" and asked "what do you want to do from here." (Resp. by Pl. at 4.) Bossert informed Defendants that "his intentions were to progress towards trial." (Resp. by Pl. at 4.) Bossert argues that because Defendants "did not propose a possible resolution, or attempt to see if there were some alternative that would satisfy plaintiff's claims," Defendants did not fulfill the requirements of LR 7-1 to resolve the dispute. (Resp. by Pl. at 4.) Rather, Defendants' phone call "served only as a means for the Defense to fulfill its obligation under their interpretation of the rule, and use it as a means of notifying the plaintiff of their intent to file a Motion for Summary Judgment. (Resp. by Pl. at 4.)

Local Rule 7-1(a) provides that:

(1) Except for motions for a temporary restraining orders, the first part of every motion must certify that:

(A) The parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so; or

(B) The opposing party willfully refused to confer; or

(C) The moving party or opposing party is a prisoner not represented by counsel.

LR 7-1(a) (2013). This rule "furthers this district's strong judicial policy in favor of non-judicial conflict resolution and, as such, should be strongly enforced." *Cole v. Builders Square*, No. CV 99-729-ST, 2000 WL 1456908, at *3 (D. Or. Sept. 20, 2000). The remedy for a violation of the rule is a denial of the motion, and the authority to exercise the remedy lies within the district court's discretion. LR 7-1(a)(2).

Defendants' motion for judgment on the pleadings starts with a paragraph entitled "CERTIFICATE OF CONFERRAL" stating "Pursuant to L.R. 7-1(a)(1)(A), counsel for the defendants certifies that the parties made a good faith effort to resolve the dispute in this motion and have been unable to do so." (Defs.' Rule 12(C) Mot. for J. on the Pleadings at 1.) Bossert does not dispute that Defendants called him to discuss the issues in the underlying motion, but argues that Defendants failed to attempt to resolve his underlying claim. Local Rule 7-1 is not a requirement that a moving party try to settle the case during the conferral – only that the moving party informs the nonmovant of the issues in the motion to be filed to determine whether those issues, not the case in its entirety, may be resolved without the assistance of the court. *Relyea v. Quilite Int'l, LLC*, NO CV 07-878-JE, 2008 WL 3200690, at *3 (D. Or. Aug. 1, 2008)("Local Rule 7.1 . . . requires counsel to confer regarding the issues raised in a motion before a motion may be filed."); *Altamount Summit Apartments LLC v. Wolff Properties LLC*, No. CV 01-1260-BR, 2002 WL 31971832, at *3 (D. Or. Aug. 21, 2002)(moving party violated LR 7-1 by "fail[ing] to confer on the merits of the Motion before he filed it.").

Based on the certificate of conferral, as well as Bossert's summary of the discussions between Defendant and Bossert prior to the filing of the motion which establish that Defendants advised Bossert of the actions they intended to take and that Bossert responded that he intended to go to trial, the court finds that Defendants have complied with LR 7-1(a). To the extent Bossert's argument in his response brief is construed as a motion to deny the pending motion for judgment on the pleadings for failure to confer under LR 7-1(a), such motion should be denied.

B. Effect of Bossert's Release from ODOC Custody

Defendants assert that Bossert's release from ODOC custody moots this action in which

Bossert seeks only injunctive relief. Bossert argues that because he might return to ODOC custody in the future, his claims are not moot.[3] (Resp. by Pl. at 4.) He also contends that because Defendants "have demonstrated through declarations, memorandum and other various responses that they do not dispute the claims made by the plaintiff," dismissal based on mootness is not appropriate. (Resp. by Pl. at 4.)

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). "Plaintiffs must demonstrate a 'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions." *Id*. at 101 (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962). Failure to meet such a requirement renders the case "moot".

A case is moot and, therefore, a court lacks jurisdiction as to such a matter, if there is no longer a "live" controversy between the parties because they lack a "legally cognizable interest in the outcome." *Demery v. Arpaio*, 378 F.3d 1020, 1025 (9th Cir. 2004)(citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A party moving to dismiss a matter on the ground that it is moot "bears a heavy burden." *Demery*, 378 F.3d at 1025. Mootness is a flexible doctrine rather than "a legal concept with a fixed content susceptible of scientific verification." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 400-01 (1980).

A prisoner's release from prison often moots his claims for declaratory or injunctive relief because his injury could not be redressed by changes in the institution's rules. *Rhodes v. Stewart*,

---

[3] The court assumes this was the argument Bossert intended to make by stating "[a]lso the defense would purport to have psychic powers to see into the future, as they state they do not foresee the plaintiffs return to prison in the future."

488 U.S. 1, 4 (1988)(citing *Hewitt v. Helms*, 482 U.S. 755, 763 (1987)); *Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005)(release from prison "likely" moots prisoner's claims for injunctive relief.)  If, however, a matter comes before the court that is capable of repetition but evading review, it is considered a live controversy within the jurisdiction of the court. *Demery*, 378 F.3d at 1026-27.  This exception applies "when (1) the duration of the challenged action is too short to be litigated prior to the cessation, and (2) there is a 'reasonable expectation' that the same parties will be subjected to the same offending conduct." *Id*. at 1026 (citing *Spencer v. Kemma*, 523 U.S. 1-17-18 (1998)).  This exception to the mootness doctrine is appropriate only in "exceptional situations." *City of Los Angelos v. Lyons*, 461 U.S. 95, 109 (1983).  The Ninth Circuit has also recognized a limited exception to the general rule that a prisoner's release from custody moots his claims for declaratory and injunctive relief in cases in which the challenged government polices are on-going and threaten to infringe the rights of others similarly situated. *United States v. Howard*, 480 F.3d 1005, 1010 (9th Cir. 2007).

      The Letter establishes that Bossert was no longer in ODOC custody as of December 28, 2013.  Consequently, unless he can show that his claims fall within one of the exceptions to the mootness doctrine, his claims are moot.  Bossert's statement regarding the possibility that he may return to ODOC custody appears to support an argument that Bossert's claims are "capable of repetition but evading review."

      This district has recognized that "in the context of prisoner challenges to conditions of confinement, mootness is commonly a decisive issue because prison sentences often are shorter in duration than the process of litigating an action through appeal." *Alvarez v. Hill*, No. 04-CV-884-BR, 2010 WL 3417840, at*3 (D. Or. Aug. 26, 2010)("*Alvarez I*").  According to the allegations of

the Complaint, Bossert was admitted to ODOC custody on May 22, 2009; he began requesting treatment for his pedophilia on November 17, 2009; he continued to request, and grieved the denial of his requests, for treatment through August 4, 2010; and he filed this action on March 31, 2011. As of his release on December 28, 2012, this action was still in the discovery stage. Based on these facts and the general finding in *Alvarez* that condition-of-confinement claims are "routinely" too short to litigate fully, the court finds that Bossert's claims meet the first prong of the "capable of repetition but evading review" exception to the mootness doctrine. *Id*.

Bossert appears to argue that because he may return to ODOC custody in the future, there is a "reasonable expectation" that he will be subjected to the same improper conduct by Defendants. The Ninth Circuit, and this court, have consistently rejected similar arguments. In *Reimers v. State of Oregon*, 863 F.2d 630 (9th Cir. 1988), the Ninth Circuit found that a former prisoner's claim that ODOC violated his constitutional rights to practice his religion was moot based on the prisoner's release from ODOC custody, and did not qualify for an exception to the mootness doctrine. The court explained that:

> This is not a situation "capable of repetition, yet evading review, to which the doctrine of mootness may not apply. A case is "capable of repetition" only when there is a "reasonable expectation that the same complaining party will be subjected to the same action again." Courts are reluctant to invoke this doctrine when the possibility of recurrence for the appellant depends upon his own wrongdoing. In this case, the possibility of recurrence (being exposed again to the chaplain program as OSP) depends on Reimers committing another crime. Thus, we will not apply the repetition doctrine because Reimers is able, and indeed is required by law, to prevent this from occurring.

*Id*. at 632 (citations omitted). *See also Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) ("*Alvarez II*")(possibility that former prisoner may be returned to custody for committing new crime too speculative to conclude claims are capable of repetition); *Dilley v. Gunn*, 64 F.3d 1365, 1369

(9th Cir. 1995)("Dilley's claim that he might be transferred back to Calipatria some time in the future is "too speculative" to prevent mootness."); *Alvarez I*, 2010 WL 3417840, at *3 (where plaintiff would be returned to ODOC custody only after committing new crime, circumstances do not establish "demonstrated probability" plaintiff would again be subject to ODOC confinement); *Pierce v. Thomas*, No. CV. 08-705-MA, 2009 WL 2476606, at *3 (D. Or. Aug. 10, 2009) ("[C]ourts have been reluctant to find a reasonable probability of repetition where the action will be repeated based on the petitioner's own wrongdoing.") Theses cases addressed a variety of scenarios, including ones in which the prisoner had been transferred to another prison in the same state (*Dilley*), had been released from prison to a residential reentry center and supervised release (*Pierce*); had been released from prison and was in last fourteen months of post-prison supervision (*Alvarez I*); had been released from prison and completed post-incarceration supervision (*Alvarez II*); or was "no longer in prison" (*Reimers*).

      The only conclusion to be made from these cases is that if an inmate has been released from custody, courts are reluctant to find that the former inmate will return to custody and be subject to the conduct he is complaining about. Here, Bossert provided the Letter establishing that he has been released from ODOC custody and referring to himself as a "Former Inmate". Based on the Letter, the court finds that there is no reasonable expectation that Bossert will return to custody and be denied a request for medical treatment for his pedophilia absent the commission of a new crime. Accordingly, the claims asserted in the Complaint, which seek only injunctive relief, are moot and not saved by the capable of repetition yet evading review exception.

      The court acknowledges that in *Alvarez I*, Judge Brown discussed in great detail the scenarios in which the plaintiff might return to custody before determining that the "circumstances

do not establish a 'demonstrated probability" that Plaintiff will again be subjected to ODOC custody. . . ." *Alvarez I*, 2010 WL 3417840 at *5. *Alavarez I* is distinguishable from the case currently before the court in at least two respects. First, the plaintiff in *Alvaraez I* remained incarcerated, although in a different state, at the time Judge Brown addressed the defendants' motion for summary judgment. Here, Bossert is no longer in the custody of any state. Second, the parties in *Alvarez I* presented substantial evidence regarding plaintiff's criminal history and the circumstances under which the plaintiff could return to custody in Oregon after release from California prison. Here, unlike the plaintiff in *Alvarez I*, Bossert has not submitted any evidence that he could be returned to ODOC custody; he offers only his speculation that it could happen. Bossert cites no authority, and the court is aware of none, that the mootness doctrine does not apply during a plaintiff's post-prison supervision period. In the absence of any evidence that Bossert could return to ODOC custody without committing a new crime, the court need not engage in the detailed discussion found in *Alvarez I*.

The second exception upon which Bossert could rely applies where a plaintiff is challenging ongoing policies to which others will continue to be subjected. Judge Brown narrowly construed this exception to apply only "to those circumstances in which the challenged government policies are on-going *and* the class of challengers to such policies may be analogized to a certified class because they represent the interests of a group that stands to be affected by the on-going policy." *Alvarez I*, 2010 WL 3417840, at *6. The Ninth Circuit viewed it differently, limiting the exception to "circumstances involving short-lived pretrial proceedings in criminal prosecutions, where civil class actions would not be conducive to obtaining the relief sought." *Alvarez II*, 667 F.3d at 1065.

Bossert brings this action on behalf of himself only challenging ongoing ODOC policies.

Bossert is not acting on behalf of a group of individuals and is not challenging pretrial proceeding policies. While the policies Bossert complains about may be ongoing, those remaining in ODOC custody who are affected by the policies may bring their own claims challenging the policies. Bossert's claims do not qualify for the second exception to mootness doctrine under either Judge Brown or the Ninth Circuit's view of the exception.

Bossert additionally argues that because Defendants have admitted to the conduct alleged in the Complaint, it is inappropriate for the court to find his claims moot. The issue of mootness is jurisdictional. The question of whether Bossert has stated valid claims is not relevant to, and does not affect, the question of whether Bossert has alleged an actual case or controversy in which he has a continuing personal stake.

The court finds that Bossert's release from ODOC custody moots his claims for injunctive relief and that the claims do not qualify for any exception. Defendants' motion for judgment on the pleadings, converted to a motion for summary judgment, should be granted and Bossert's claims dismissed with prejudice. Defendants' alternative motion for summary judgment on the merits should be denied as moot.

*Conclusion*

Defendants' motion (#150) for judgment on the pleadings, considered as a motion for summary judgment, should be GRANTED and alternative motion (#149) for summary judgment should be DENIED as moot.

Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **June 18, 2013**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 3rd day of June, 2013.

                                                /s/ John V. Acosta
                                                JOHN V. ACOSTA
                                      United States Magistrate Judge